UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA, | X : : : |
| | : 2015 CIV _____ |
| Plaintiff, | : : |
| against | : **COMPLAINT** : |
| THE AMERICAN INSURANCE COMPANY, | : **TRIAL BY JURY DEMANDED** : |
| Defendant. | : X |

Plaintiff Citizens Insurance Company of America ("CIC"), as and for its complaint against defendant, alleges as follows:

## PARTIES

1.     CIC is an insurance company organized and existing under the laws of the State of Michigan and having a principal place of business in Massachusetts. CIC is authorized to and does conduct insurance business in the State of New York.

2.     Upon information and belief, defendant The American Insurance Company ("AIC") is an insurance company organized and existing under the laws of the State of Ohio with a principal place of business in California and is authorized to conduct and does conduct insurance business in the State of New York.

## NATURE OF THE ACTION

3.     This is a declaratory judgment and breach of contract action seeking to require defendant AIC to assume its obligation to defend and indemnify its insured in an underlying action entitled *Edna James v. Orion Condo-350 West 42nd ST. LLC et al.*, pending in the New York Supreme Court, Kings County (the "Underlying Action"). AIC is the insurer of Orion

Condo and other related defendants (the "Orion Defendants"), while CIC insures another defendant in the Underlying Action, namely La Palestra Inc. ("La Palestra").  CIC assumed the defense of Orion pursuant to a certain provision in its policy based on the assumption that Orion did not have any active negligence and that the liability sought to be imposed on Orion was based on the negligence of CIC's insured, La Palestra.  During the course of the Underlying Action and based on developments in the Underlying Action, it became clear that the claims against Orion were based solely upon Orion's alleged active negligence.  Indeed, the claims against La Palestra were dismissed and the Underlying Action was discontinued against La Palestra.  Nevertheless, AIC has refused to assume and undertake the defense of its own insured Orion, leaving CIC to continue to undertake that defense despite having no obligation under its policy to do so.  CIC seeks a declaration that AIC is obligated to undertake the defense and indemnification of its insured, Orion, in the Underlying Action and to reimburse CIC for amounts incurred by CIC in the defense of Orion in light of AIC's breach of its contractual obligation to defend Orion.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  The amount in controversy exceeds $75,000 in value exclusive of interest and costs.  In pleadings and discovery in the Underlying Action, the plaintiff in that action has asserted claims for and seeks recovery of more than $125,000 in medical expenses and in excess of $400,000 in lost earnings, thus satisfying the jurisdictional amount pursuant to 28 U.S.C. § 1332.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to Liberty's claims arose in this District.

## BACKGROUND OF ACTION

The Underlying Action

6.　　This declaratory judgment action arises from an underlying personal injury claim asserted by Edena James ("James") arising out of an incident on December 19, 2007 in which she allegedly slipped and fell in the pool equipment room/mechanical room located in the Orion Condominium at 350 West 42nd Street, New York, New York.  (A copy of the Summons and Complaint in the Underlying Action is attached hereto as Exhibit A.)

7.　　In the Underlying Action, James filed suit against, among others, Orion Condo— 350 West 42nd St. LLC, the Board of Managers of the Orion Condominium and Extell Orion Holding, LLC (collectively the "Orion Defendants") and La Palestra.

8.　　James's accident occurred during the course of her employment as a pool lifeguard at the Orion Condominium (the "Condo").  The Condo is a luxury residential building with sixty (60) floors, as well as a health club and pool/spa.  The health club at the Condo is operated by La Palestra.  The pool and spa at the Condo is operated by EPG Spa and Pool Company, which was not named as a defendant as that entity was James's employer.

The Coverage Dispute

9.　　Upon information and belief, on December 19, 2007, the Orion Defendants were insured under a Commercial General Liability Policy issued by AIC to the Condo (the "AIC Policy").

10.　　On December 19, 2007, La Palestra was insured under a Commercial General Liability Policy issued by CIC to La Palestra (the "CIC Policy").

11.     Pursuant to certain provisions in the CIC Policy, the Orion Defendants were potentially additional insureds under the CIC Policy with respect to lawsuits filed against them based on their liability arising out of the acts of CIC's insured, La Palestra.

12.     The Orion Defendants are not additional insureds under the CIC Policy for any liability arising out of their own active negligence, and CIC would have no obligation to provide coverage to the Orion Defendants for any such claims or damages.

13.     Based on the potential that the Orion Defendants could be exposed to liability based on the alleged negligence of La Palestra, CIC accepted the tender of the Underlying Action and agreed to defend the Orion Defendants in the Underlying Action.

14.     During the course of discovery in the Underlying Action, it became readily apparent that James's claims in that action arose from conduct that was within the sole responsibility of the Orion Defendants.  Thus, to the extent that the Orion Defendants were exposed to any liability, it would be based solely on their own active negligence and not as a result of any negligence by La Palestra.

15.     As a result of this discovery and the evidence obtained in the Underlying Action, James acknowledged that her claims were in no way based on any conduct by La Palestra and dismissed the Underlying Action as against La Palestra, leaving the Orion Defendants as the only remaining defendants in the Underlying Action.

16.     AIC has a duty to defend and indemnify the Orion Defendants in the Underlying Action.

## AS AND FOR A FIRST CLAIM FOR RELIEF
**(Declaratory Judgment)**

17.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16 hereof as if set forth at length herein.

18.     The Orion Defendants are insureds under the AIC Policy.

19.     The Underlying Action is within the scope of coverage afforded by the AIC Policy in that it alleges bodily injury within the policy period of the AIC Policy caused by an occurrence.

20.     The Underlying Action alleges that the Orion Defendants were negligent in causing the occurrence that resulted in James's alleged bodily injury and damages.

21.     AIC has a duty to defend the Orion Defendants in the Underlying Action.

22.     The Orion Defendants are the only defendants in the Underlying Action.

23.     To the extent that James establishes that she is entitled to recover damages in the Underlying Action, such recovery can be based solely on the negligent conduct of the Orion Defendants.

24.     AIC has a duty to indemnify the Orion Defendants against any liability in the Underlying Action up to the limits of the AIC Policy.

25.     CIC has demanded that AIC undertake its duty to defend and indemnify the Orion Defendants in the Underlying Action but AIC has refused to do so.

26.     CIC is entitled to a declaration that AIC has a duty to defend and indemnify the Orion Defendants in the Underlying Action.

<u>AS AND FOR A SECOND CLAIM FOR RELIEF</u>
**(Breach of Contract)**

27.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 hereof as if set forth at length herein.

28.     CIC has been providing and continues to provide a defense to the Orion Defendants.

29.     AIC has a contractual obligation to defend the Orion Defendants in the Underlying Action.

30.     AIC has breached its contract by refusing to defend the Orion Defendants in the Underlying Action.

31.     As a result of AIC's breach of contract, CIC has been damaged in that it has incurred and will continue to incur attorneys' fees and costs in defending the Orion Defendants in the Underlying Action.

32.     CIC is entitled to recover from AIC the amounts it has incurred in defending the Orion Defendants in the Underlying Action, with such amounts to be proven at trial.

33.     AIC has also breached its contract with the Orion Defendants by refusing to indemnify the Orion Defendants and refusing to acknowledge is obligation to indemnify the Orion Defendants for any liability in connection with the Underlying Action.

34.     CIC is entitled to recover any amounts that may be incurred by CIC to indemnify the Orion Defendants in the Underlying Action as a result of AIC's breach of contract.

### JURY DEMAND

35.     CIC demands a trial by jury on all issues properly triable by jury.

**WHEREFORE**, Plaintiffs demand judgment as follows:

(a)         on the First Claim for Relief, for a declaration that AIC has a duty to defend and indemnify the Orion Defendants in the Underlying Action;

(b)         on the Second Claim for Relief, for recovery of all amounts incurred in the defense of the Orion Defendants in the Underlying Action and any amounts paid in indemnification of the Orion Defendants in the Underlying Action; and

(c)        for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 7, 2015

                          Respectfully submitted,

                          ROPERS, MAJESKI, KOHN & BENTLEY

                          By:    /s/ Andrew L. Margulis
                                  ANDREW L. MARGULIS
                          Attorneys for Plaintiff
                          750 Third Avenue, 25th Floor
                          New York, New York 10017
                          Tel:    (212) 668-5927
                          Fax:    (212) 668-5929
                          andrew.margulis@rmkb.com